UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No. _____

JALISA MELTON,

    Plaintiff,

v.

CITY OF HOLLYWOOD,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, Jalisa Melton (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, City of Hollywood, and respectfully alleges as follows:

**INTRODUCTION**

1.    On March 18, 2020, the federal government enacted Families First Coronavirus Response Act, Pub. L. No. 116-127, 134 Stat. 178 (2020) (operational on April 1, 2020, and effective on April 2, 2020, through December 31, 2020), which created two (2) new emergency paid leave requirements in response to the COVID-19 global pandemic.

2.    Division E of the FFCRA, the Emergency Paid Sick Leave Act (hereinafter "EPSLA"), entitled certain employees to take up to two (2) weeks of paid sick leave for specified reasons related to COVID-19.

3.    Division C of the FFCRA, the Emergency Family and Medical Leave Expansion Act (hereinafter "EFMLEA"), which amends Title I of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (hereinafter "FMLA"), permitted certain employees to take up to twelve (12)

weeks of expanded family and medical leave, ten (10) of which are paid, for specified reasons related to COVID-19.

4. In this action, Plaintiff, Jalisa Melton (hereinafter "Plaintiff"), seeks to redress violations of the FFCRA's EPSLA and the EFMLEA, and their implementing regulations, by the Defendant, her former employer.

**PARTIES**

5. Plaintiff was hired by Defendant in March 2020.

6. At all times material hereto, Plaintiff was an employee under the EPSLA because she was an individual employed by a political subdivision of the State of Florida and was subject to the civil service laws of the State of Florida.

7. At all times material hereto, Plaintiff was an eligible employee under the EFMLEA because she had been employed by Defendant for at least thirty (30) calendar days.

8. At all times material hereto, Defendant was a municipality organized under the laws of the State of Florida.

9. At all times material hereto, Defendant was a political subdivision of the State of Florida and is therefore a "public agency" as that term is defined under the FFCRA.

10. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Broward County, Florida

11. At all material times hereto, Defendant was, and is, an "employer" covered by the FMLA as it was, and is, a public agency and person engaged in commerce or in an industry or activity affecting commerce and employs more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. §§ 2611(4)(A)(iii) and 2611(4)(B); 29 U.S.C. § 203(x); 29 C.F.R. § 825.104(a).

12.     At all times material hereto, Defendant was, and is, also an "employer" within the meaning of the FFCRA's EFMLEA, as Defendant was, and is, a public agency and person engaged in commerce or an industry or activity affecting commerce that employs one (1) or more employees. See 29 C.F.R. § 826.10(a).

## JURISDICTION AND VENUE

13.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331.

14.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

15.     Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District.

## FACTUAL ALLEGATIONS

16.     Plaintiff began working for Defendant on or about March 23, 2020, as a grants coordinator for Defendant's Design and Construction Department.

17.     Plaintiff was pregnant when she was hired.

18.     Upon her hire, Plaintiff advised Defendant: 1) she was pregnant, and 2) her doctor advised her to work from home if possible.

19.     Defendant allowed Plaintiff to work from home to start her employment.

20.     In early May 2020, Defendant asked Plaintiff to return to work from the office.

21.     At the time that Defendant asked Plaintiff to return to work, she had been working for Defendant for more than 30 days.

22.     On or about May 14, 2020, Plaintiff informed Defendant that she was unable to return to the work for two reasons: her doctor advised her not to return to work because she was

predisposed to COVID-19 as a result of her pregnancy; and because her son's school had been closed for the remainder of the year, she was solely responsible for homeschooling him, and she did not have other available options for childcare.

23. Plaintiff's son's school had in fact been closed for the remainder of the school year.

24. Plaintiff did not have any other way to homeschool and take care of her son after the school was closed.

25. Defendant told Plaintiff that it would attempt to extend her telework longer because she was unable to come into the office.

26. Plaintiff followed up several times as to the status of her request to remain working from home.

27. On or about June 8, 2020, Kathy Lopez Negron, Defendant's human resources administrator, incorrectly informed Plaintiff of her rights under the FFCRA's EFMLEA and EPSLA stating as follows:

> "…*You are expected to report back to your traditional worksite effective June 10, 2020.*
> *If you were requesting to continue telecommuting due to a serious health condition that you are experiencing, or to care for an immediate family member that has a serious health condition, you may be eligible for Family Medical Leave Act (FMLA) leave. In order to qualify for FMLA, an employee has to have worked for the employer for at least 12 months and the employee has to have worked at least 1,250 hours for the employer during the preceding 12 months. If approved, FMLA provides eligible employees with up to 12 weeks of unpaid leave each year. Per City Policy, an employee on FMLA leave is required to utilize accrued sick or annual leave benefits before becoming eligible for unpaid leave."*

28. While Plaintiff would not have qualified for FMLA under the original statutory language, because she had not been there long enough nor worked sufficient hours, she did qualify for EFMLEA benefits under the FFCRA, which went into effect on April 1, 2020.

29. Plaintiff qualified for both paid sick leave under the EPLSA and medical leave under the EFMLEA.

30. The day after Defendant informed Plaintiff that she must return to the office and did not qualify for leave under the FMLA, Plaintiff resigned her employment.

31. In Plaintiff's letter of resignation, she stated as follows:

> *I know HR mentioned anyone who needed to could use FMLA but I understand I do not meet those qualifications, so this was my only real option.*

32. Defendant told Plaintiff that she did not qualify for FMLA leave when she did.

33. Plaintiff relied on Defendant's statement that Plaintiff did not qualify for FMLA leave and reasoned that she must either return to in-office work or resign her employment.

34. Defendant resigned as a direct and proximate cause of Defendant's misrepresentation that she did not qualify for protected leave.

35. Had Defendant informed Plaintiff that she qualified for both paid sick leave and emergency family medical leave, Plaintiff would have utilized the benefits and not resigned her employment.

36. Plaintiff was harmed by Defendant's actions.

37. Plaintiff retained the above counsel to advocate for her in this action and has agreed to pay a reasonable attorneys' fee.

**COUNT I – VIOLATION OF THE FFCRA'S EPSLA AND FLSA FOR FAILURE TO PAY SICK LEAVE**

38. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. Pursuant to the FFCRA's EPSLA, an Employer shall provide to each of its employees paid sick leave to the extent that employee is unable to work due to: 1) having been

advised by a health care provider to self-quarantine due to concerns related to COVID-19; or 2) because the employee is caring for his or her son or daughter, whose school or place of care has been closed or in unavailable for reasons related to COVID-19. *See* FFCRA, Division E– Emergency Paid Sick Leave Act §§ 5102(a)(2), (a)(5) and 5102(b)(2)(A).

40. An employer who fails to provide an employee with paid sick time violates section 5102 of the FFCRA's EPSLA and is considered to have failed to pay minimum wages in violation of section 6 (29 U.S.C. § 206) of the Fair Labor Standards Act of 1938 (hereinafter "FLSA") and is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. §§ 216, 217) with respect to such violation." *Id*. at § 5105(a)(1)–(2).

41. Plaintiff was eligible for, and notified Defendant of her need for, emergency paid sick leave because her son's school had been closed for the remainder of the year, she was solely responsible for homeschooling him, and she did not have other available options for childcare.

42. Further, Plaintiff was eligible for, and notified Defendant of her need for, emergency paid sick leave because her doctor advised her not to return to work because she was predisposed to COVID-19 as a result of her pregnancy.

43. Pursuant to the FFCRA's EPSLA, Defendant was required to provide Plaintiff with eighty (80) hours of paid sick leave.

44. As more particularly alleged hereinabove, Defendant failed to pay Plaintiff any of the required paid sick time under the FFCRA's EPSLA.

45. As a result of Defendant's failure to pay Plaintiff the aforementioned paid sick time and compensation due her, Defendant violated the FFCRA's EPSLA and FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

46. Defendant's aforementioned actions or omissions constitute willful violations of the FFCRA's EPSLA and FLSA.

47. Defendant acted willfully and either knew that its conduct violated the FFCRA's EPSLA and FLSA, or showed a reckless disregard for the matter of whether its conduct violated the FFCRA's EPSLA and FLSA. Defendant did not act in good faith with respect to the conduct alleged herein.

48. Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FFCRA's EPSLA and FLSA.

49. As a result of Defendant's aforementioned violations of the FFCRA's EPSLA and FLSA, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, unpaid sick time compensation, and is entitled to an additional equal amount as liquidated damages.

WHEREFORE, the Plaintiff, Jalisa Melton, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

a. Grant judgment in favor of Plaintiff and declare that Defendant willfully violated the FFCRA's EPSLA and FLSA by failing to provide with Plaintiff paid sick time compensation;

b. Award Plaintiff compensatory damages including all unpaid sick time owed to Plaintiff;

c. Award Plaintiff liquidated damages as recoverable under the FFCRA's EPSLA and FLSA and as consistent with law;

  d. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

  e. Award Plaintiff her attorneys' fees and the costs of this action; and

  f. Grant such other and further relief as this Court may deem equitable, just, and proper.

### COUNT II – VIOLATION OF THE FFCRA'S EFMLEA - INTERFERENCE

50. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

51. The FFCRA's EFMLEA amended section 102(a)(1) of the FMLA (29 U.S.C. § 2612(a)(1)) by, among other things, requiring employers to provide up to twelve (12) weeks of expanded paid family and medical leave to eligible employees who were unable to work because the employee was caring for his or her son or daughter whose school or place of care was closed or whose child care provider was unavailable due to COVID-19. *See* FFCRA, Division C– Emergency Family and Medical Leave Expansion Act § 3102.

52. The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FFCRA's EFMLEA. 29 C.F.R. § 826.151(a).

53. An employer who commits such a prohibited act shall be subject to the enforcement provisions set forth in section 107 of the FMLA, 29 U.S.C. § 2617, and 29 C.F.R. 825.400, except that an eligible employee may file a private action to enforce the FFCRA's EFMLEA only if the employer is otherwise subject to the FMLA in the absence of EFMLEA. 29 C.F.R. § 826.151(b).

54. At all material times herein, Defendant was and is an "employer" covered by the FMLA and the FFCRA's EFMLEA.

55. Plaintiff was an "eligible employee" within the meaning of the FMLA, as amended by the FFCRA's EFMLEA, as she worked for Defendant for at least thirty (30) days before the date she provided Defendant with notice of her qualifying need for leave.

56. At all times material hereto, Plaintiff was entitled to EFMLEA leave because she had a "qualifying need related to a public health emergency" for such leave in that she needed to care for her children under eighteen (18) years of age, whose schools had been closed due to a public health emergency, COVID-19.

57. Further, Plaintiff provided Defendant with proper notice of her need for EFMLEA leave, as she notified Defendant of the need to take such emergency paid leave in a way that alerted Defendant that her absence would qualify as leave under FCCRA's EFMLEA, namely by informing Defendant that she was unable to return to the work because her son's school had been closed for the remainder of the year, she was solely responsible for homeschooling him, and she did not have other available options for childcare.

58. Plaintiff was entitled to take up to a total of twelve (12) workweeks of leave for the purpose described in the FFCRA's EFMLEA. 29 U.S.C. § 2612 (a)(1)(F).

59. Defendant was obligated to provide Plaintiff, an eligible employee who requested leave for a qualifying reason, the following: (1) two weeks (up to 80 hours) of paid sick leave; and (2) up to an additional ten weeks of paid expanded family and medical leave at two-thirds the employee's regular rate of pay.

60. After utilizing two (2) weeks (or up to eighty (80) hours) of leave under the FFCRA's EPSLA, Plaintiff was entitled to expanded family and medical leave for up to an additional ten (10) weeks under the FFCRA's EFMLEA.

61. However, Defendant interfered with and restrained Plaintiff's exercise of, and Plaintiff's attempt to exercise, her rights under the FFCRA's EFMLEA by misinforming Plaintiff that she did not qualify for FMLA leave, via the FFCRA's EFMLEA, when she did.

62. Defendant willfully violated the FFCRA's EFMLEA and cannot demonstrate that its interference with Plaintiff's rights were made in good faith.

63. As a result of the Defendant's unlawful conduct alleged herein, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation.

64. In addition, Plaintiff is entitled to appropriate equitable relief including employment, reinstatement, and/or promotion. 29 U.S.C. § 2617(a)(1)(B).

65. Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FFCRA's EFMLEA. 29 U.S.C. § 2617(a)(1)(A)(iii).

66. Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3)

WHEREFORE, the Plaintiff, Jalisa Melton, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

    a. Grant judgment in favor of Plaintiff and declare that Defendant violated the FFCRA's EFMLEA and engaged in unlawful conduct and employment practices

    prohibited by the FFCRA's EFMLEA in that Defendant interfered with the exercise of and the attempt to exercise one or more of Plaintiff's rights guaranteed by the FFCRA's EFMLEA;

b. Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FFCRA's EFMLEA, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices in violation of the FFCRA's EFMLEA, including, but not limited to, directing that Defendant employ and reinstate Plaintiff to her previous position with retroactive seniority and granting her full backpay with interest, pension and related benefits;

c. Award Plaintiff liquidated damages as recoverable under the FFCRA's EFMLEA and as consistent with law;

d. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

e. Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

f. Grant such other and further relief as this Court may deem equitable, just, and proper.

## Jury Trial Demand

Plaintiff demands trial by jury on all issues so triable.

Dated this 25th day of April, 2022.

                Respectfully submitted,

                **Brenton Legal P.A.**
                *Counsel for Plaintiff*
                1070 E. Indiantown Rd., Suite 400
                Jupiter, FL 33477
                Phone: 954-639-4644

                By: */s/ Travis Beal*
                    Travis Beal
                    Florida Bar No.: 104890
                    tjb@brentonlegal.com
                    Christopher A Fennell
                    Florida Bar No. 113546
                    caf@brentonlegal.com
                    Ryan Brenton
                    Florida Bar No.: 107675
                    rcb@brentonlegal.com